# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**TIMOTHY LEE QUALLS,**
        **Plaintiff,**

**vs.**                                          **Case No.: 3:10cv54/MCR/MD**

**SANTA ROSA COUNTY JAIL,**
        **Defendant.**

_____

## ORDER and
## REPORT AND RECOMMENDATION

**Plaintiff, a pre-trial detainee currently confined at the Santa Rosa County Jail, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (doc. 1) and a motion for leave to proceed *in forma pauperis* (doc. 2). For the limited purpose of dismissal of this action, leave to proceed *in forma pauperis* will be granted.**

**Since plaintiff is proceeding *in forma pauperis*, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *Id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). Dismissals for failure to state a claim are governed by the same**

standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In determining whether the complaint states a claim upon which relief may be granted, the court accepts all the factual allegations in the complaint as true and evaluates all inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1968-69, 1974, 167 L.Ed.2d 929 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations--on their face--show that an affirmative defense bars recovery on the claim. *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

Plaintiff states he was arrested on October 23, 2009. He claims his due process rights have been violated because he has not been taken for a first appearance before a judge or been interviewed by a pre-trial release officer. (Doc. 1, p. 6). Claiming mental anguish as a result of the alleged constitutional violations, (*id.*), plaintiff seeks monetary damages in the amount of $250,000, dismissal of the charges and release from incarceration. (*Id.*, p. 7).

Although plaintiff filed his complaint under 42 U.S.C. § 1983, he seeks relief in the nature of habeas corpus--he claims he is unlawfully confined as a result of the alleged unconstitutional conduct, and seeks immediate release. The Supreme Court stated in *Preiser v. Rodriguez*, 411 U.S. 475, 490, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), that "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983." Thus,

when a prisoner, though asserting jurisdiction under the Civil Rights Act, is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or speedier release from such imprisonment, his sole federal remedy is a writ of habeas corpus. *Preiser*, 411 U.S. at 500, 93 S.Ct. at 1841. Regardless of the label plaintiff may place on this action, in order to challenge the validity of his incarceration on the grounds that his constitutional rights have been violated, he must pursue his claims through habeas corpus. *Prather v. Norman*, 901 F.2d 915, 918-19 n.4 (11th Cir. 1990) (per curiam); *McKinnis v. Mosley*, 693 F.2d 1054, 1057 (11th Cir. 1982).

Furthermore, the allegations of the complaint establish that abstention is required. Pursuant to *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) and *Samuels v. Mackell*, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971), federal courts should abstain from interfering with pending state criminal proceedings absent a showing of: (1) evidence of bad faith prosecution, (2) irreparable injury if abstention is exercised by the federal court, or (3) the absence of an adequate alternative state forum where the constitutional issues can be raised. *Hughes v. Attorney General of Florida*, 377 F.3d 1258, 1263 (11th Cir. 2004) (citing *Younger*, 401 U.S. at 45, 53-54). Subsequent decisions have refined *Younger* to state that the exceptions occur only when the prosecution is brought expressly to harass the defendant or otherwise in bad faith, or when the statute under which the defendant is charged is clearly and flagrantly unconstitutional. *See Trainor v. Hernandez*, 431 U.S. 434, 447, 97 S.Ct. 1911, 1919, 52 L.Ed.2d 486 (1977); *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611, 95 S.Ct. 1200, 1212, 43 L.Ed.2d 482 (1975); *The News-Journal Corp. v. Foxman*, 939 F.2d 1499, 1507-09 (11th Cir. 1991); *Redner v. Citrus County*, 919 F.2d 646, 650 (11th Cir. 1990). Furthermore, irreparable injury does not include injury which is incidental to every prosecution brought lawfully and in good faith. *See Kugler v. Helfant*, 421 U.S. 117, 123-25, 95 S.Ct. 1524, 1530-31, 44 L.Ed.2d 15 (1975) (citing *Younger*, 401 U.S. at 46). Irreparable injury exists if the

statute under which a defendant is being prosecuted is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or if unusual circumstances exist that would call for equitable relief. *Younger*, 401 U.S. at 53-54 (citing *Watson v. Buck*, 313 U.S. 387, 402, 61 S.Ct. 962, 967, 85 L.Ed. 1416 (1941)).

In the instant case, resolving plaintiff's § 1983 claims would significantly interfere with the pending state criminal proceeding.  Plaintiff does not allege that his prosecution was motivated by bad faith.  Furthermore, plaintiff has failed to show that he is entitled to review under the "irreparable injury" exception, or that there is a lack of an adequate state forum in which to raise his claims.  Therefore, plaintiff's complaint should be dismissed for failure tor state a claim upon which relief may be granted and because the claims are barred by the *Younger* abstention doctrine.

An additional basis for dismissing plaintiff's damages claims is that they are barred by 42 U.S.C. § 1997e(e).  The Prison Litigation Reform Act provides, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  The Eleventh Circuit addressed the implications of § 1997e(e) and concluded that "the phrase 'Federal civil action' means all federal claims, including constitutional claims."  *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir. 2002) (citing *Harris v. Garner*, 216 F.3d 970, 984-85 (11th Cir. 2000) (en banc)).  This § 1983 action brought by plaintiff is a "Federal civil action" under this definition.  Further, it is undisputed that plaintiff filed his complaint while imprisoned, and that the harm complained of occurred while he was in custody.  Plaintiff's claims are based solely on violations of the constitutional rights themselves and allege no physical injury caused by the defendant's conduct. *Harris v. Garner*, 190 F.3d 1279, 1286-87 (11th Cir. 1999) (holding that "in order to satisfy section 1997e(e) the physical injury must be more than *de minimis*, but need

not be significant."), *reh'g granted, opinion vacated,* 197 F.3d 1059 (11th Cir. 1999), *opinion reinstated in pertinent part on reh'g,* 216 F.3d 970 (11th Cir. 2000), *cert. denied,* 532 U.S. 1065, 121 S.Ct. 2214, 150 L.Ed.2d 208 (2001). Plaintiff's complaint cannot be liberally construed to request nominal damages.[1] Therefore, under § 1997e(e), his damages claims are due to be dismissed. *See Douglas v. Yates,* 535 F.3d 1316 (11th Cir. 2008) (holding that the district court has authority to *sua sponte* dismiss a complaint without prejudice under § 1997e(e)) (citing 28 U.S.C. § 1915(e)(2)(B)(ii)).

Accordingly, it is ORDERED:

Plaintiff's motion to proceed *in forma pauperis* (doc. 2) is GRANTED for the limited purpose of dismissing this action.

And it is respectfully RECOMMENDED:

That this cause be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii), and the clerk be directed to close the file.

At Pensacola, Florida this 4th day of March, 2010.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

---

[1]The Eleventh Circuit's decision in *Hughes v. Lott,* 350 F.3d 1157 (11th Cir. 2003), does not apply here. *Id.,* at 1162 (holding that § 1997e(e) does not bar suits by prisoners who have not alleged a physical injury if they seek nominal damages). Plaintiff's complaint cannot be liberally construed as requesting nominal damages, because he specifically requests only $250,000 in compensatory and/or punitive damages. *See, e.g., Sears v. Rabion,* No. 03-13558, 97 Fed.Appx. 906 (Table) (11th Cir. Feb. 18, 2004) (affirming district court's *sua sponte* dismissal of complaint under § 1997e(e), noting that plaintiff's complaint could not be liberally construed as requesting nominal damages, because he specifically requested compensatory and punitive damages).

## <u>NOTICE TO THE PARTIES</u>

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**